IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THAD J. THOMPSON, #A5013250, | ) CIV. NO. 17-00235 LEK-KSC ) |
| Plaintiff, | ) ORDER DISMISSING FIRST ) AMENDED COMPLAINT AND ) DENYING MOTIONS FOR |
| vs. | ) PRELIMINARY INJUNCTION ) |
| HAWAII DEP'T OF PUBLIC SAFETY, HALAWA CORRECTIONAL FACILITY, SGT. IKEGAMI, COUNSELOR TORRES, CPT. PALEKA, | ) ) ) ) ) ) |
| Defendants, | ) ) |

**<u>ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING
MOTIONS FOR PRELIMINARY INJUNCTION</u>**

Before the Court are Plaintiff Thad J. Thompson's

First Amended Complaint ("FAC"), ECF No. 12, and two

Motions for Preliminary Injunction.[1]  ECF Nos. 2, 9.

Thompson is incarcerated at the Halawa Correctional

Facility ("HCF") and is proceeding in forma pauperis.

He names the Hawaii Department of Public Safety

("DPS"), HCF, HCF Sergeant Ikegami, Counselor Torres,

---

[1] Thompson's FAC supersedes his original Complaint.  *See*
*Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012)
(en banc); *see also* ECF No. 15 (clarifying the FAC is the
operative pleading herein).

and Captain Paleka as Defendants in their individual and official capacities. Thompson alleges that Defendants violated his constitutional right to access the court.

For the following reasons, Thompson's FAC is DISMISSED with leave granted to amend and his Motions for Preliminary Injunction are DENIED.

## I. SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.

1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v.*

*Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.  Thompson's Claims**

Thompson alleges that Defendants violated his First Amendment right of access to the courts by limiting the amount of legal paperwork he is allowed to keep in his cell to three inches, denying him a "reasonable amount" of writing paper, and any manilla envelopes.  FAC, ECF No. 12, PageID #51.  He suggests that these restrictions have or will impede his litigation in *Thompson v. Afamasaga*, Civ. No. 1:16-cv-00128 JMS-KSC (D. Haw. 2016), although he points to no specific instance where his efforts to prosecute Civ. No. 1:16-cv-00128 has been hindered or obstructed.

**B. Claims Against HCF and DPS Are Dismissed**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Moreover, "state agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will*, 491 U.S. at 70). Nor are jail or prison facilities "persons" amenable to suit under § 1983. *See*

*Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969).

Neither HCF nor DPS are "persons" under § 1983 and they are DISMISSED. *See Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) (affirming dismissal of claims against the California Department of Corrections and Rehabilitation).

**C.   No Denial of the Right of Access to the Court**

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Claims for the denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

For backward-looking claims, a plaintiff "must show: (1) the loss of a 'nonfrivolous' or 'arguable'

7

underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413-14), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009). Thus, to have standing to bring this type of claim, an inmate must allege that he has suffered an actual injury. *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

### 1. *Analysis*

Thompson was moved to the HCF High Security Unit on May 15, 2017. When he arrived, Correctional Officer Sarkissian told him that he was allowed to keep only three inches of paperwork in his cell. Thompson told Sarkissian that he needed all of his paperwork to adequately litigate Civ. No. 1:16-cv-00128. Sarkissian replied that the decision to override this rule was up to Defendant Sgt. Ikegami. Thompson submitted eight requests to Defendants Ikegami and Captain Paleka on

May 15, 16, 17, and 18, 2017, asking to keep all of his legal work in his cell.

Thompson also submitted "multiple" requests for writing supplies, including ten sheets of paper, three envelopes, and a manilla envelope to Defendant Torres during this period. On May 18, 2017, Torres told Thompson that there were no manilla envelopes because "times are hard!" FAC, ECF No. 12, PageID #51. The next day, May 19, 2017, Thompson signed his original Complaint and first Motion for Preliminary Injunction and gave it to prison authorities for mailing to the court. *See* ECF Nos. 1, 2. The court received and filed it on May 24, 2017.

On the facts presented, Thompson fails to show any actual injury of his right to access the courts. First, Thompson identifies no pending motions or deadlines in Civ. No. 1:16-cv-00128 that were actually hindered by the restriction on the amount of legal paperwork he is allowed to keep in his cell or the limited paper and envelopes he allegedly received. The docket in Civ. No. 1:16-cv-00128 reveals there were no

9

imminent deadlines for filing motions or other documents in the case during or since the time in question – May 15, 2017 until the present.  The case records also show that Thompson has filed two motions and two letters *since* May 15, 2017, *see* ECF No. 57 (Motion Requesting Service of Subpoena and letter, filed May 26, 2017); No. 59 (Motion for Appointment of Counsel and letter, filed May 30, 2017), and that he participated in a status conference before Magistrate Judge Chang on June 29, 2017.  ECF No. 63.  The limitations he challenges have not affected his ability to litigate Civ. No. 1:16-cv-00128.

Second, Thompson was able to file the instant action on May 24, 2017, within nine days of the date he entered the HCF High Security Unit.  He has filed two Complaints, ECF Nos. 1, 12, two Motions for Preliminary Injunction and briefs in support, ECF Nos. 2, 9, two applications to proceed in forma pauperis, ECF Nos. 7, 13, and several transmittal letters, ECF Nos. 10, 14, in this action.  Clearly, Thompson has received envelopes, paper, and postage since May 15, 2017, and

10

the restriction on the amount of legal work allowed in his cell has not impeded litigation in this action.[2]

Finally, Thompson has commenced a third action, *Thompson v. Dep't of Public Safety*, Civ. No. 1:17-cv-00250 DKW-KJM (D. Haw. May 30, 2017), since he has allegedly been subjected to a denial of access to the courts, filed four days after the present action was filed. In Civ. No. 1:17-cv-00250, Thompson has filed two Complaints, ECF Nos. 1, 7, a Motion for Preliminary Injunction, ECF No. 2, and two applications to proceed in forma pauperis, ECF Nos. 5, 9. Again, there is no indication that his ability to bring his claims to the court have been obstructed by the restrictions he challenges herein.

Thompson fails to show any actual injury to his right of access to the court. Accordingly the FAC is DISMISSED for failure to state a claim, with leave granted to amend.

---

[2] Most of Thompson's documents are handwritten on lined paper, clearly indicating he is receiving writing supplies.

**D.   Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory regardless of the type of relief sought.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust administrative remedies regardless of whether they seek injunctive relief or money damages, even though the latter is unavailable); *accord Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d, 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)," *Albino*, 747 F.3d at 1166, or the court may dismiss sua sponte, *Bock*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); *see also Salas v. Tillman*, 162 Fed. App'x 918 (11th Cir. 2006) (sua sponte dismissal of prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would be untimely).

Thompson explicitly states in both of his pleadings that he did not exhaust the prison's administrative grievance process before he submitted his pleadings to

the court.  *See* Compl., ECF No. 1, PageID #2; FAC, ECF No. 12, PageID #50.  He asserts that, because he seeks preliminary injunctive relief for the obstruction of his right to access the court, he could not complete the grievance process before commencing this action. Moreover, because Thompson commenced this action within four days of the date that he alleges his right of access to the court was obstructed, it is clear that he could not have exhausted his claims before commencing this action.

Because Thompson concedes that he failed to exhaust his claims before commencing this action, he is NOTIFIED that they are subject to dismissal.

### III.  **MOTIONS FOR PRELIMINARY INJUNCTION**

Preliminary injunctive relief is appropriate when the movant demonstrates that "he is likely to succeed on the merits [of the underlying action], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Resources Def. Council*, 555

U.S. 7, 20 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*). Injunctive relief "is an extraordinary remedy, never awarded as of right." *Winter*, 555 U.S. at 24.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision on the merits of the case. *See* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). That is, to preserve the status quo pending a determination on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury

that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. *See id.; Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In light of the Court's discussion and dismissal of the FAC, Thompson cannot show that (1) he is likely to succeed on the merits of his claims; (2) he will suffer irreparable harm in the absence of preliminary injunctive relief; (3) the equities tip in his favor;

or (4) an injunction is in the public interest. Thompson's Motions for Preliminary Injunction, ECF Nos. 2 and 9, are DENIED.

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend. Thompson may file an amended complaint on or before [INSERT DATE], 2017, that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V. 28 U.S.C. § 1915(g)

If Thompson fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 –

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Thompson may file an amended complaint curing the deficiencies noted above on or before **August 2, 2017**. Failure to cure these deficiencies will result

in dismissal of this action and Thompson shall incur a strike pursuant to 28 U.S.C. § 1915(g).

(3) Thompson's Motions for Preliminary Injunction, ECF Nos. 2 and 9, are DENIED.

(4) The Clerk is directed to mail Thompson a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: July 3, 2017 at Honolulu, Hawai'i.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Thompson v. Dep't of Public Safety*, 1:17-cv-00235 LEK/KSC; Scrn 2017 Thompson 17-235 lek (dsm FAC, dny Mand)