IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THAD J. THOMPSON, #A5013250, | ) CIV. NO. 17-00235 LEK-KSC )<br>) ORDER DISMISSING SECOND |
| Plaintiff, | ) AMENDED COMPLAINT AND<br>) ACTION; DENYING MOTION FOR |
| vs. | ) PRELIMINARY INJUNCTION<br>) |
| SGT. IKEGAMI, et al., | )<br>) |
| Defendants, | ) |

## ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION; DENYING MOTIONS FOR PRELIMINARY INJUNCTION

Before the Court are Plaintiff Thad J. Thompson's Second Amended Complaint ("SAC") and third Motion for Preliminary Injunction.[1] ECF Nos. 19, 20. Thompson Defendants HCF Sergeant (Sgt.) Ikegami, Counselor Katherine Torres, Captain (Capt.) Paleka, and Law Librarian Marina violated his First Amendment right to access the court.

Thompson's SAC is DISMISSED. Because it is clear that he cannot amend to adequately state a claim, despite being given the opportunity to do so, this

---

[1] Thompson is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding in forma pauperis.

dismissal is with prejudice. Thompson's Motion for Preliminary Injunction is DENIED.

## I. SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). That is, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

3

*Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556

U.S. 1256 (2009); see also West v. Atkins, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Thompson's Claims[2]**

On or about May 15, 2017, Thompson was transferred to the High Special Housing Unit (HSHU), where he was told that he could keep only three inches of paperwork in his cell per Sgt. Ikegami's instructions. Thompson protested that he needed his paperwork and legal books to properly litigate his pending action, *Thompson v. Afamasaga*, No. 1:16-cv-00128 JMS-KSC (D. Haw. 2016). He also says he was denied adequate writing supplies.

Thompson immediately began requesting his legal materials and writing supplies from Defendants Ikegami, Paleka, and Torres. Torres allegedly told Thompson there were no manilla envelopes, because "times are hard." SAC, ECF. No. 20, PageID #118. Thompson also asked Torres to forward his requests for law library and kiosk sessions to Defendant Marina, but says he has attended the law library only once in the past eight

---

[2] For the purposes of this Order, Thompson's statement of fact is accepted as true.

and a half weeks.  He claims that he can have copies made only at the law library.

Thompson suggests these restrictions have impeded his litigation in No. 1:16-cv-00128 JMS-KSC.  He states that he has been "forced" to draw lines on the backs of other paper, make manilla envelopes, and hand copy his documents.  SAC, ECF No. 20, PageID #119.  He points to an "imminent" Motion Requesting Service of Subpoena and a settlement conference scheduled for September 12, 2017, in No. 1:16-cv-00128 JMS-KSC, arguing these show that he has suffered an actual injury to his access to the court.  *See id.*, ECF No. 57 (Mot.) .

Since filing this action, Thompson has filed two other civil rights suits in this court.  *See Thompson v. Hawaii Dep't of Public Safety*, No. 1:17-cv-00250 DKW-KJM (D. Haw., filed May 30, 2017), and *Thompson v. Torres*, No. 1:17-cv-00319 DKW-RLP (D. Haw., filed July 7, 2017).

## B. Right of Access to the Court

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Claims for the denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward- looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

For backward-looking claims, a plaintiff "must show: (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413-14), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009). Thus, to have standing

7

to bring this type of claim, an inmate must allege that he has suffered an actual injury. *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

**C.  Analysis**

Thompson has not suffered an actual injury to his right to access to the court.  First, in No. 1:16-cv-00128, Thompson was able to file his Motion Requesting Service of Subpeona by the U.S. Marshal's Service, which the court reviewed and granted in part, and one subpoena has been already been served.  *See* ECF Nos. 57, 68, 74.  The alleged lack of legal materials and writing supplies did not hinder the resolution of this Motion.  The settlement conference for which Thompson must prepare is more than a month away, and he may request a continuance if required.  And, since Thompson was moved to the HSHU, he has submitted three motions and certificates of service, two letters, and attended a status conference in this action.  *See* ECF Nos. 57, 59, 63, 64, 71, 72.  Thompson need not make copies of his documents; the court accepts Thompson's

original documents and returns a copy to him. He has not been limited in his ability to litigate No. 1:16-cv-00128.

Second, Thompson was able to prepare and send his initial documents in the present lawsuit on May 19, 2017, four days after he entered the HSHU. He has filed three Complaints, three motions for preliminary injunction and briefs, a motion to file a supplemental complaint, two applications to proceed in forma pauperis, and several transmittal letters. *See* ECF Nos. 1, 2, 9-14, 17 19, 20. Thompson has clearly received sufficient envelopes, paper, and postage to prosecute this action and the other restrictions abut which he complains have not impeded litigation herein.

Third, in No. 1:17-cv-00250 DKW-KJM, Thompson has filed three pleadings, two motions for preliminary injunction and briefs, and two applications to proceed in forma pauperis. ECF Nos. 1, 2, 5, 7, 9, 12. There is no indication that he has been obstructed in bringing his claims in that action to the court or in

presenting his legal arguments in support of his claims.

Fourth, Thompson's alleged inability to make copies, receive writing supplies, or visit the law library has not obstructed his ability to file his claims in No. 1:17-cv-00319 DKW-RLP, in which he has filed a complaint, motion for injunctive relief, letter, in forma pauperis application, and certificates of service. ECF Nos. 1, 3-6.

Thompson again fails to show any actual injury to his right of access to the court. Because further amendment is clearly futile, the SAC is DISMISSED with prejudice for failure to state a claim.

### III. MOTION FOR PRELIMINARY INJUNCTION

In light of the Court's discussion, Thompson cannot "succeed on the merits" of his claims, will not "suffer irreparable harm in the absence of preliminary relief," and cannot show "that the balance of equities tips in his favor," or that injunctive relief here "is in the public interest." *Winter v. Nat. Resources Def. Council*, 555 U.S. 7, 20 (2008); *see also Stormans, Inc.*

*v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thompson's Motion for Preliminary Injunction is DENIED.

## IV. **28 U.S.C. § 1915(g)**

Thompson is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).[3] Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 –

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. **CONCLUSION**

(1) The Second Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C.

---

[3] Thompson says he filed another action, *Thompson v. Burns*, No. 2:13-cv-01715-SPL (D. Ariz., terminated Sept. 4, 2014), but does not state that he incurred a strike therein. *See id.*, ECF No. 14 ("[C]omplaint and action are dismissed with prejudice for failure to state a claim. This dismissal may count as a "strike" under 28 U.S.C. § 1915(g)."). *See* http://pacer.psc.uscourts.gov. (last visited July 28, 2017).

§§ 1915(e)(2) and 1915A(b).  Because Thompson has already been given leave to amend and further leave to amend is futile, this dismissal is with prejudice.

(2)  Thompson is NOTIFIED that this dismissal may result in a strike pursuant to 28 U.S.C. § 1915(g).

(3) Thompson's Motion for Preliminary Injunction is DENIED.

(4) The Clerk shall close the file and terminate this action.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, August 1, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Thompson v. Dep't of Public Safety*, 1:17-cv-00235 LEK/KSC; Scrn 2017 Thompson 17-235 lek (dsm SAC, dny PI)